[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13609
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 9:09-cv-80580-KAM,
9:03-cr-80061-KAM-1


ROBERT ORSO,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2012)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Orso, a federal prisoner, appeals the district court's order denying his habeas motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. No reversible error has been shown; we affirm.

Orso pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time of sentencing in 2003, Orso had two prior felony convictions: one for a controlled substance offense and one for fleeing or attempting to elude police.[1] Fleeing or attempting to elude police was then considered a crime of violence. Orso was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had two prior felony convictions for either a crime of violence or a controlled substance offense. Orso was sentenced to 262 months' imprisonment on the drug count and 120 months' imprisonment on the firearm count, to run concurrently.[2] Orso filed no appeal.

---

[1]Orso's felony-fleeing conviction was for violating subsection 2 of Florida's willful fleeing statute, Fla. Stat. § 316.1935(2).

[2]At the time of Orso's offense conduct, the statutory maximum punishment was 480 months on the drug count and 120 months on the firearm count. Because the Government filed an Information pursuant to 21 U.S.C. § 851, the maximum sentence on the drug count increased to life. With the career-offender enhancement, Orso's (then-mandatory) guideline range was 262 to 327 months; without the career offender enhancement, his presumptive guideline range would have been 110 to 137 months.

In early 2005, the Government filed a Rule 35 motion to reduce Orso's total sentence for substantial assistance. The district court -- still applying the career-offender enhancement -- amended Orso's sentence to a total term of 160 months. Orso sought to appeal his new sentence but his appeal was dismissed as untimely. In 2009, Orso filed the present section 2255 motion.

The crux of Orso's argument is that decisions rendered after his 2005 resentencing as a career offender now make it clear that one of the two predicate offenses used to support the career-offender enhancement -- fleeing or attempting to elude police -- no longer qualifies as a violent felony. See Begay v. United States, 128 S.Ct. 1581 (2008); United States v. Archer, 531 F.3d 1347 (11th Cir. 2008); and United States v. Harrison, 558 F.3d 1296 (11th Cir. 2009). The Government concedes that under recent decisions Orso had only one qualifying conviction and would no longer qualify for an enhanced sentence under the career-offender guideline.[3]

---

[3]In United States v. Harrison, 558 F.3d 1296 (11th Cir. 2009), we concluded that an earlier state-felony conviction for violating Fla. Stat. § 316.1935(2) -- the fleeing subsection forming the basis of Orso's felony-fleeing conviction -- is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Because the definition of a "crime of violence" in U.S.S.G. § 4B1.2(a)(2) mirrors that of section 924(e)'s "violent felony," decisions under each of these provisions inform decision under the other. See United States v. Archer, 531 F.3d 1347, 1350 n. 1 (11th Cir. 2008). These precedents underlie the Government's concession that Orso had only one qualifying conviction (the drug offense) and did not qualify for an enhanced sentence under the career-offender guideline provisions.

In Sykes v. United States, 131 S.Ct. 2267 (2011), issued after briefing in this case was completed, the Supreme Court concluded that a conviction for felony-vehicle flight under Indiana

The district court issued a certificate of appealability ("COA") asking:

> [Whether Orso is] actually innocent of being a career offender, and therefore entitled to relief under 28 U.S.C. § 2255, notwithstanding his failure to raise on direct appeal his challenge to the career offender enhancement?[4]

As a general rule, a criminal defendant who fails to object at trial or to raise an issue on direct appeal is procedurally barred from raising the claim in a section 2255 motion absent a showing of cause for failing to preserve the claim and actual prejudice from the alleged error. See United States. v. Frady, 102 S.Ct. 1584, 1594 (1982). Orso cannot meet this high threshold. Nonetheless, Orso argues we should

---

law was a violent felony for purposes of section 924(e). Because, as we later explain, procedural default bars Orso's claim, we need not consider -- and leave for another day -- whether Harrison has been abrogated by Sykes.

[4]The Government argues that the district court concluded wrongly that Orso's sentencing claim was cognizable in a section 2255 proceeding. A non-constitutional error of law generally can form the basis for section 2255 relief only if the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 99 S.Ct. 2235, 2240 (1979) (internal quotation and citation omitted). Although Orso argues that his sentencing claim is a constitutional claim, we have said that a "claim that a sentencing guidelines provision was misapplied ... is not a constitutional claim. If it were, every guidelines error would be a constitutional violation." Gilbert v. United States, 640 F.3d 1293, 1321 (11th Cir. 2011)(en banc). Although Orso's claim of cognizability is of questionable merit, we here assume, arguendo, that Orso advances a claim susceptible to section 2255 relief.

excuse his procedural default because he is "actually innocent" -- both factually and legally -- of being a career offender.[5]

The merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 106 S.Ct. 2639, 2649 (1986). And, actual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard. See Schlup v. Delo, 115 S.Ct. 851, 864 (1995) ("tying the miscarriage of justice exception to innocence ... accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'"). But Orso does not claim to be actually innocent of the crimes for which he was sentenced; instead, he claims to be actually innocent of being a career offender. Our en banc decision in Gilbert v. United States, 640 F.3d 1293, 1320 (2011) categorically rejected that claim, albeit in the context of the savings clause, 28 U.S.C. § 2255(e): "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other

_____

[5]The Government seemingly concedes that "actual innocence" can excuse a procedural default in the context of a non-capital sentence if the sentence imposed exceeds the statutory maximum sentence that would have applied absent the error. We do not need to decide whether to accept this concession because Orso was not sentenced in excess of the statutory maximum for his crimes. See Gilbert v. United States, 640 F.3d 1293, 1306 (2011).

guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."

And in United States v. McKay, 675 F.3d 1190 (11th Cir. 2011), we were asked to decide whether an actual innocence of sentence exception applies to an initial section 2255 claim that the petitioner was wrongly sentenced as a career offender where one of his predicate convictions -- carrying a concealed weapon -- did not qualify as a "crime of violence." Reiterating that the actual innocence exception is focused on actual -- not legal -- innocence, we concluded that petitioner McKay -- who made no claim to being factually innocent of the crime of carrying a concealed weapon -- advanced a claim that fell outside the ambit of the actual innocence exception. Id. at 1199.

Orso too makes no claim that he is factually innocent of the predicate offense (willful fleeing) used to support the career-offender enhancement. The actual innocence exception has no application to Orso's sentencing claim that he was wrongly sentenced as a career offender. See id at 1200.

Because Orso fails to show that either of the two exceptions applies to excuse his procedural default, we decline to reach the merits of his procedurally-defaulted claim. See id.

AFFIRMED.