[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11301

_____

D.C. Docket No. 1:10-cv-22345-KMM

JULIAN BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2012)

Before BARKETT and PRYOR, Circuit Judges, and LAWSON,* District Judge.

PER CURIAM:

Julian Brown, a federal prisoner, appeals the dismissal of his 28 U.S.C. § 2241

_____

* Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

federal habeas corpus petition, which challenged the validity of his fifteen year sentence for possession of firearms and ammunition by a convicted felon. Specifically, he claims that his sentence resulted from an improper enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which requires that a person must have three previous violent felony convictions to apply the enhancement.   He contends that one of the three previous convictions used as a basis to apply this enhancement to his sentence was for carrying a concealed weapon and that after Begay v. United States, 553 U.S. 137 (2008), and United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008), carrying a concealed weapon does not constitute a crime of violence for purposes of applying the career offender enhancement of § 924(e).

The district court dismissed Brown's 28 U.S.C. § 2241 petition as procedurally barred, adopting in full the report and recommendations of the magistrate, which concluded that instead of filing a petition under § 2241, Brown should have filed a petition under § 2255, which was an adequate and effective remedy such that the alternative habeas relief under § 2241 was not available to him.

We need not discuss the question of whether Brown properly filed under § 2241 because the conviction that he claims was erroneously categorized as his third "violent felony" and used to enhance his sentence was not one of the

2

convictions that was relied upon for the enhancement.    The record reflects that the three convictions used were aggravated battery on a police officer, battery on a police officer, and violence on a police officer.

In his reply brief, Brown alternatively argues that his sentence was improperly enhanced because his offense of aggravated battery on a police officer should not qualify as a predicate felony under § 924(e), relying on Johnson v. United States, 130 S.Ct. 1265 (2010).    Although Brown raised an argument based on Johnson in an objection to the magistrate's report and recommendations, he did not preserve it on appeal because it was not fully argued in his initial brief.    See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (recalling that the mere mention of an issue in an initial brief on appeal is insufficient to present the matter for adjudication).

AFFIRMED