[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10839
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20509-JLK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONY ORLANDO URQUIA LAGOS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2012)

Before BARKETT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rony Urquia Lagos, a citizen of Honduras, pleaded guilty to one count of illegal re-entry of a previously removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  Lagos's Presentence Investigation Report (PSR) indicated a sentence guideline range of 46 to 57 months, based on a criminal history category of III, and a total offense level of 21, including a sixteen-level enhancement for having been previously deported following a conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A).  Over Lagos's objection to the sixteen-level enhancement, the district court sentenced him to a term of 46 months imprisonment.  This appeal followed.

On appeal, Lagos argues that his sentence must be vacated because the district court erred by enhancing his sentencing guideline range pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  Specifically, Lagos argues that the district court erred in applying the enhancement because "his prior conviction for resisting arrest with violence in violation of Fla. Stat. § 843.01 is not a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii)."  This Court reviews de novo whether a defendant's prior conviction qualifies as a "crime of violence" under the sentencing guidelines.  United States v. Romo-Villalobos, 674 F.3d 1246, 1247 (11th Cir. 2012).

2

In 2003, Lagos was convicted in Florida for resisting an officer with violence under Fla. Stat. § 843.01.  In 2007, Lagos was removed from the United States to Honduras.  Thus, whether the district court properly applied the enhancement depends on whether Florida's resisting an officer with violence statute is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Lagos concedes that we answered precisely this question in the affirmative in Romo-Villalobos, 674 F.3d at 1251, and has pointed to no authority overruling or undermining its holding.  "[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).  Thus, Lagos cannot prevail on his argument that his conviction under Fla. Stat. § 843.01 does not sustain an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Lagos also argues that the district court erred by imposing a sentence that is procedurally and substantively unreasonable.  When determining whether a sentence is reasonable, we must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

3

to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Then, assuming that the district court's sentencing decision is procedurally sound, we must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.  When conducting this review, we "take into account the totality of the circumstances." Id.

Lagos argues that his sentence is procedurally unreasonable because the district court incorrectly calculated his guideline range based on his prior conviction for resisting an officer with violence, and because the district court failed to give adequate consideration to the § 3553(a) factors, particularly Lagos's character and history.  For reasons already stated, the district court did not err in its determination that Lagos's conviction for resisting an officer with violence was a crime of violence under the Guidelines.  As to Lagos's argument that the district court failed to "appropriately weigh several § 3553(a) sentencing factors [including] the circumstances of [Lagos's] current immigration offense, his family circumstances, [and] his community service since 2004," it is clear from the record that the district court did take these factors into consideration.  Therefore, we cannot say that the district court committed any "significant procedural error" in calculating Lagos's sentence. Gall, 552 U.S. at 51, 128 S. Ct. at 597.

4

Neither can we say that Lagos's 46-month sentence, which is at the low end of his guideline range, is substantively unreasonable. Where, as here, "a sentence is procedurally reasonable and is within the applicable Guidelines sentencing range," we look at the totality of the circumstances and ask whether the district court abused its discretion. United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009). While we do not apply a presumption of reasonableness to a within-guidelines sentence, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The record clearly indicates that the court considered the § 3553(a) factors advanced by Lagos in favor of a sentence below the guideline recommendation. The court rejected Lagos's argument that he deserved a sentence below the guideline recommendation, explaining that because this will be the third time Lagos has been removed from the United States, a sentence at the low end of the guideline range is necessary to deter him from returning illegally. Even if we thought, given the totality of the circumstances, that a different sentence was warranted, "[w]e may not . . . set aside a sentence merely because we would have decided that another one is more appropriate." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010). "We may set aside a sentence only if we determine,

after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." Id.  On this record, Lagos has not demonstrated that the district court abused its discretion by imposing a low-end guideline sentence.  We cannot say that his sentence is substantively unreasonable.

For these reasons, Lagos's sentence is

**AFFIRMED.**

6