[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14009
Non-Argument Calendar

_____

D.C. Docket No. 5:05-cr-00045-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVIN NUNNALLY,
a.k.a. Rick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 27, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Trevin Nunnally appeals from the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").  He argues that the district court erred by determining that he was ineligible for a sentence reduction because *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 758 (May 17, 2021), misconstrued the First Step Act.  He asserts that § 404 did not limit what a court could consider in resentencing, and thus, he was eligible for the reduced statutory minimum sentence under § 401 of the First Step Act.

We review *de novo* whether a district court had the authority to modify a term of imprisonment.  *Jones*, 962 F.3d at 1296.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion.  *Id.*  A district court abuses its discretion when it "applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).  Additionally, under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and

2

powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack necessary to trigger a 10-year mandatory minimum sentence from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

In 2018, Congress enacted the First Step Act, which made the statutory penalties enacted under the Fair Sentencing Act retroactive for covered offenses. *See* First Step Act § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied. 962 F.3d at 1293.

3

First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1300.  Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act[,]" known as the "penalties clause," modifies the term "violation of a Federal criminal statute." *Id.* at 1298 (emphasis omitted); *see* First Step Act § 404(a).  Thus, "[a] movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298.  Because section two of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303.  Specifically, the "as if" qualifier in Section 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed[,]" imposes two limitations on the district court's authority. *Id.* at 1303 (quotation marks omitted); *see* First Step Act § 404(b).  First, the

4

district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.*

Here, as acknowledged by Nunnally, the district court did not abuse its discretion in denying his motion for a sentence reduction under § 404. The prior precedent rule requires the "as if" framework in *Jones* to be applied here. His 20-year sentence is the lowest statutory penalty that would have been available to him under the Fair Sentencing Act. The First Step Act's "as if" framework does not allow the district court to reconsider Nunnally's predicate offenses or his statutory minimum sentence because the district court may only consider the lowest statutory penalty at the time of the Fair Sentencing Act. Accordingly, Nunnally's argument is foreclosed by *Jones*, and the district court did not abuse its discretion when it denied his motion for a sentence reduction.

**AFFIRMED.**