[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11439

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RUBEN IVAN FULLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cr-00002-TKW-MJF-1

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

PER CURIAM:

Ruben Fuller, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. He argues that his medical conditions combined with COVID-19 constitute an "extraordinary and compelling" reason for his release.

The government has responded by moving for summary affirmance and for a stay of the briefing schedule. The government asserts, in relevant part, that the district court properly denied Mr. Fuller's motion for compassionate release because he did not present evidence that he suffered from a serious medical condition that substantially diminished his ability to provide self-care in prison or that he was not expected to recover.

Summary disposition is appropriate, in part, when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). As explained below, we agree with the government that summary affirmance is warranted.

A determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed *de novo*. *See United*

*States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). But a district court's denial of a prisoner's § 3582(c)(1)(A) motion is reviewed for an abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted). Under the abuse of discretion standard, "we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quotation marks omitted).

Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc.*" *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "To constitute an overruling for the purposes of th[e] prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted).

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the [18 U.S.C.] § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider

these factors in any order, and the absence of any of the three fore-closes a sentence reduction. *See id.* at 1237-38.

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that "extraordinary and compelling" reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *See* § 1B1.13, comment. (n.1). In relevant part, the commentary to § 1B1.13 lists a defendant's medical condition as an "extraordinary and compelling" reason warranting a sentence reduction if he has a terminal illness or a serious condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* § 1B1.13, comment. (n.1(A)).

The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* § 1B1.13, comment. (n.1(D)). We have held that, following the enactment of the First Step Act, § 1B1.13 continues to constrain a district court's ability to evaluate whether "extraordinary and compelling" reasons were present, and that "Application Note 1(D) does not grant discretion to courts to

develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248. We also have held that "the confluence of [a defendant's] medical conditions and COVID-19" does not constitute an "extraordinary and compelling" reason warranting compassionate release if the defendant's medical conditions do not meet the criteria of § 1B1.13, comment. (n.1(A)). *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Here, the district court did not abuse its discretion when it denied Mr. Fuller's motion for compassionate release because he did not show an "extraordinary and compelling" reason for his release. *See Harris*, 989 F.3d at 911. To the extent that Mr. Fuller argues that the district court had discretion to develop other "extraordinary and compelling" reasons warranting his release, that argument is foreclosed by *Bryant*, which has not been overruled or abrogated. *See Archer*, 531 F.3d at 1352; *Kaley*, 579 F.3d at 1255. Mr. Fuller's medical conditions did not qualify as "extraordinary and compelling" reasons for his release because he did not show that they were terminal or substantially diminished his ability to provide self-care in prison. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)). And the confluence of COVID-19 and his medical conditions did not constitute an "extraordinary and compelling" reason. *See Giron*, 15 F.4th at 1346. Thus, because Mr. Fuller did not show an "extraordinary and compelling" reason for his release, it is unnecessary to address the 18 U.S.C. § 3553(a) factors or consider

whether he posed a danger to the community. *See Tinker*, 14 F.4th at 1237-38.

In sum, the district court did not abuse its discretion when it denied Fuller's motion for compassionate release. Accordingly, we **GRANT** the government's motion for summary affirmance, **DENY** as moot its motion to stay the briefing schedule, and **AFFIRM** the denial of Fuller's motion for compassionate release.

**AFFIRMED.**