[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11488
Non-Argument Calendar

_____

D. C. Docket No. 06-00205-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN LAMAR ARCHER,
a.k.a. Bookbag,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2008)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

On September 19, 2007, this court ruled that the district court correctly sentenced Bryan Lamar Archer as a "career offender" pursuant to United States Sentencing Guidelines § 4B1.1 based, in part, on his prior conviction for carrying a concealed weapon in violation of Florida Statute § 790.01. United States v. Archer, 243 Fed.Appx. 564 (11th Cir. 2007). Archer then petitioned the Supreme Court for certiorari. Meanwhile, on April 16, 2008, the Supreme Court rendered a decision in Begay v. United States, — U.S. —, 128 S.Ct. 1581 (2008), wherein the Court concluded that the felony offense of driving under the influence is not a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court then granted certiorari in Archer, vacated our decision, and remanded the case for further consideration in light of Begay.

Having carefully reviewed the Supreme Court's opinion and supplemental briefs from the parties, we conclude that the crime of carrying a concealed weapon in violation of Florida law is not a "crime of violence" within the meaning of the Sentencing Guidelines.

## BACKGROUND

Archer pleaded guilty to conspiracy to distribute and to possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) (count 1), distribution of crack cocaine (count 2),

2

distribution of five or more grams of crack cocaine (counts 3 and 4), and possession with intent to distribute five or more grams of crack cocaine (count 5) all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1).

At sentencing, the district court determined that Archer's prior conviction for carrying a concealed weapon constituted a "crime of violence" pursuant to U.S.S.G. § 4B1.2(a) and that his prior Florida felony conviction for selling crack cocaine was a "controlled substance offense" pursuant to U.S.S.G. § 4B1.2(b), thus making Archer a "career offender" under U.S.S.G. § 4B1.1(a). This status increased Archer's adjusted offense level and criminal history category and resulted in an advisory guidelines range of 188 to 235 months' imprisonment. Archer objected to the determination that his prior conviction for carrying a concealed weapon constituted a "crime of violence" under the Sentencing Guidelines. The district court overruled the objection and sentenced Archer to 188 months' incarceration.

On appeal, we were bound by prior Eleventh Circuit precedent to hold that a conviction for carrying a concealed weapon in violation of Florida law constituted a crime of violence. See United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998) (relying on United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996) which held that the same crime comprises a "violent felony" under the ACCA). We now reconsider that issue in light of the Supreme Court's decision in Begay.

## DISCUSSION

The Sentencing Guidelines provide for a sentencing enhancement where the defendant is a "career offender." A defendant qualifies as a career offender if, *inter alia*, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2 defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

We note that the crime of carrying a concealed weapon does not involve the use, attempted use, or threatened use of force, and so is not a crime of violence under subsection (1). Carrying a concealed weapon without a license is a crime of violence only if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

In <u>Begay</u>, the Court addressed whether a conviction under New Mexico's felony driving under the influence statute (making the fourth conviction for drunk

4

driving a felony) constitutes a "violent felony" under the ACCA. [1] 128 S.Ct. at 1584. The Court assumed that driving under the influence "otherwise involves conduct that presents a serious potential risk of physical injury to another," but concluded that the crimes enumerated in the ACCA provide meaning by illustrating the kinds of crimes meant to be covered by the statute. Id. The Court stated that the presence of the enumerated examples "indicates that the statute covers only *similar* crimes, rather than *every* crime that 'presents a serious potential risk of physical injury to another.'" Id. at 1585 (emphasis in original). Thus, the Court held that a crime is covered by the definition only if the crime is "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." Id. at 1584. The Court then evaluated the list of crimes and noted that burglary, arson, extortion, and the use of explosives "all typically involve purposeful, violent, and aggressive conduct." Id. at 1586.

Applying this standard to felony driving under the influence, the Court held that that crime did not fall within the scope of the kind of crimes that the statute was intended to reach. Id. at 1587. The Court noted that statutes forbidding drunk

[1] The Supreme Court's Begay decision regarding the ACCA is instructive here because of the similar definitions of a "crime of violence" in the Guidelines and of a "violent felony" in ACCA. See United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007) ("[O]ur cases interpreting 'crime of violence' under § 4B1.2 provide important guidance in determining what is a 'violent felony' under the ACCA because the definitions for both terms are virtually identical.) (internal quotation omitted). The only difference in the second clause is that the ACCA includes "burglary," 18 U.S.C. § 924(e), and the Guidelines use "burglary of a dwelling."

driving do not require a showing of purposeful, violent, aggressive conduct, but rather are more comparable to crimes that impose strict liability or criminalize conduct for which the offender need not have had any criminal intent whatsoever. Id. at 1586. The Court recognized that people may drink on purpose, but "unlike the example crimes, the conduct for which the drunk driver is convicted (driving under the influence) need not be purposeful or deliberate." Id. at 1587.

We turn now to the crime at issue in Archer's sentencing: carrying a concealed firearm in violation of Florida Statute 790.01(2). In Begay, the Court assumed that driving under the influence presented a serious potential risk of injury to another, and consequently, Begay has not affected the analysis of that portion of the definition of a crime of violence. In keeping with our prior precedents, we thus assume that unlawfully carrying a concealed firearm presents a serious potential risk of physical injury to another. See Hall, 77 F.3d at 401. Our question, therefore, is whether carrying a concealed firearm is similar in kind and degree to the crimes enumerated in the Sentencing Guidelines, burglary of a dwelling, arson, extortion, and crimes involving the use of explosives.

To determine whether a crime is a "crime of violence" we use a categorical approach; we consider the offense as defined by the law, rather than considering the facts of the specific violation. Begay, 128S.Ct. at 1584 (citing Taylor v. United

6

States, 495 U.S. 575, 602 (1990)). Florida Statute § 790.01(2) states "A person who carries a concealed firearm on or about his or her person commits a felony." The firearm must be "(1) on or about the person and (2) hidden from the ordinary sight of another person. The term 'on or about the person' means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked." Ensor v. State, 403 So.2d 349, 354 (Fla. 1981). Anyone licensed to carry a concealed firearm under § 790.06 is exempt from the provisions of § 790.01(2). Fla. Stat. § 790.01(3).

Carrying a concealed weapon does not involve the aggressive, violent conduct that the Supreme Court noted is inherent in the enumerated crimes. Burglary of a dwelling, arson, extortion, and the use of explosives are all aggressive, violent acts aimed at other persons or property where persons might be located and thereby injured. Carrying a concealed weapon, however, is a passive crime centering around *possession*, rather than around any overt action. We do not wish to minimize the danger that possession may quickly transform into use, especially when the firearm is "readily accessible." The act of possession does not, without more, however, involve any aggressive or violent behavior.

Nor does carrying a concealed weapon necessarily involve purposeful

7

conduct. <u>Dorelus v. State</u>, 747 So.2d 368, 372 (Fla. 2000). "[T]he specific intent of the defendant to conceal the weapon is not an element of the crime." <u>Id.</u> "Whether [the defendant] intended to carry a concealed firearm in violation of the prohibition against concealment is immaterial as is his belief that he had a valid permit to carry the firearm." <u>Wolfram v. State</u>, 568 So.2d 992, 994 (Fla. App. Ct. 1990). This lack of required specific intent makes carrying a concealed weapon more similar to drunk driving—which the Supreme Court noted "need not be purposeful or deliberate"—than to the enumerated crimes.

Furthermore, carrying a concealed weapon is not universally considered violent. Only thirteen states make carrying a concealed weapon punishable by a term exceeding one year; it is only in that handful of states that the crime is therefore even eligible to be a prior crime of violence under the Sentencing Guidelines. <u>See</u> Neal Eriksen, Note, *The Meaning of Violence: An Interpretive Analysis on Whether a Prior Conviction for Carrying a Concealed Weapon is a "Crime of Violence" Under the U.S.S.G.*, 29 W. NEW ENG. L. REV. 801, 821 (2007). In order to qualify as a "prior felony conviction" of a crime of violence, the prior offense must be an offense punishable by imprisonment for over one year. U.S.S.G. § 4B1.2 comment. ( n.1). Additionally, other circuits addressing this issue have concluded that carrying a concealed firearm does not involve conduct that

8

otherwise presents a serious potential risk of physical injury to another. See United States v. Flores, 477 F.3d 431, 435-36 (6th Cir. 2007); United States v. Whitfield, 907 F.2d 798, 800 (8th Cir. 1990) ("Although carrying an illegal weapon may involve a continuing risk to others, the harm is not so immediate as to 'present[ ] a serious potential risk of physical injury to another.'"). And, as noted above, in Florida it is not a crime if one obtains a license. Fla. Stat. § 790.01(3). Indeed, the fact that a license may be procured indicates that the act of carrying a concealed firearm is far less serious in nature than the enumerated crimes; one can not, for example, procure a license to commit burglary.[2]

Finally, the commentary to the Sentencing Guidelines specifies that "crimes of violence" does not include the unlawful possession of a firearm by a felon. U.S.S.G. § 4B1.2 comment. (n.1). In our opinion, a convicted felon in possession of a firearm presents a greater potential risk of injury to another than does a non-felon in possession of a firearm. If the offense of possession of a firearm by a felon is not a crime of violence, then *a fortiori* carrying a concealed weapon can not be.

We acknowledge the strength of the prior panel precedent rule in this circuit. Under that rule, a prior panel's holding is binding on all subsequent panels unless

---

[2] Although one may obtain a license to "use" explosives in, for instance, the demolition of a building, we note that carrying a concealed weapon differs greatly in degree from a crime involving the use of explosives as it does not involve the "use" of the weapon, but rather the placement of the firearm in close proximity to one's person.

and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc. Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001); Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." Garrett v. University of Alabama at Birmingham Bd. of Trustees, 344 F.3d 1288, 1292 (11th Cir. 2003).

Although this prior panel rule suggests we may be bound by this court's prior decision in Gilbert, the Supreme Court's decision in Begay is clearly on point and has undermined Gilbert to the point of abrogation. This court has repeatedly read the definition of a "violent felony" under § 924(e) of the Armed Career Criminal Act as "virtually identical" to the definition of a "crime of violence" under U.S.S.G. § 4B1.2. See e.g., United States v. Rainey, 362 F.3d 733, 735 (11th Cir. 2004). In Gilbert which involved the Sentencing Guidelines, this court relied—without further analysis—on its holding in United States v. Hall that carrying a concealed weapon in violation of the law was a violent felony under the ACCA. Gilbert, 138 F.3d at 1372 ("Because the definitions of 'violent felony' and 'crime of violence' are in this respect identical, Hall's conclusion applies equally to the question at hand here."). We recognize that Begay addressed a different crime (drunk driving)

10

than <u>Gilbert</u> (unlawfully carrying a concealed weapon), but <u>Begay</u> remains "clearly on point."  Here, where the Supreme Court has clearly set forth a new standard to evaluate which crimes constitute "violent felonies" and "crimes of violence," our prior panel precedent in <u>Gilbert</u> has been undermined to the point of abrogation and we are thus bound to follow this new rule of law.

We thus conclude that, in light of the Supreme Court's decision in <u>Begay</u>, the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines.

## CONCLUSION

For the foregoing reasons, Archer's sentence is **VACATED** and we remand his case for resentencing consistent with this opinion.