[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13385
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00483-CR-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LASHAY CARLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2009)

Before BIRCH, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Daniel Lashay Carley appeals his concurrent 140-month sentences after

pleading guilty to (1) conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and 846, and (2) possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II).

On appeal, Carley argues that the district court erred in sentencing him as a career offender under United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), because his prior Florida state conviction for carrying a concealed firearm does not constitute a predicate offense for determining career-offender status under U.S.S.G. § 4B1.1.

We review the district court's application of the guidelines de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). In addition, the decision to classify a defendant as a career offender is a question of law we review de novo. Id.

A district court may enhance a defendant's sentence as a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Guidelines define a "crime of violence" as a crime

2

punishable by imprisonment for more than a year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

In <u>Begay v. United States</u>, 553 U.S. __, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), the Supreme Court addressed whether a conviction for felony driving under the influence constituted a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). The Supreme Court concluded that such crimes were violent felonies only to the extent that they were "roughly similar, in kind as well as in degree of risk posed," to the crimes enumerated in the ACCA, namely, burglary, arson, extortion, and crimes involving the use of explosives. <u>Id.</u> at __, 128 S.Ct. at 1584-85. Applying this standard to felony driving under the influence, the Supreme Court held that the offense was not a violent felony because a conviction for driving under the influence did not require a showing of purposeful, violent, aggressive conduct, but was more comparable to strict liability crimes where no intent was required. <u>Id.</u> at __, 128 S.Ct. at 1586-87.

In United States v. Gilbert, we held that "carrying a concealed weapon in violation of Florida law is a 'crime of violence' under U.S.S.G. § 4B1.2(1)."[1] 138 F.3d 1371, 1372 (11th Cir. 1998), abrogated by, Begay, 553 U.S. __, 128 S.Ct. 1581. However, applying the Begay standard, we recently decided that Gilbert had been abrogated and held that the crime of carrying a concealed weapon could no longer be considered a crime of violence under the Sentencing Guidelines. Archer, 531 F.3d at 1352. In light of Archer's holding that carrying a concealed weapon does not constitute a crime of violence and the government's concession of error, we vacate the sentence and remand for resentencing.

Upon review of the record on appeal, and upon consideration of the parties' briefs on appeal, we find reversible error.

**VACATED AND REMANDED.**

---

[1] The guideline referred to as U.S.S.G. § 4B1.2(1) in Gilbert is listed as § 4B1.2(a) under the 2007 version of the Guidelines, which apply to the instant case.