[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12903
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00451-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS TEODORO-TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2010)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Tomas Teodoro-Torres appeals his convictions and 135-month concurrent sentences for cocaine trafficking, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

On appeal, Teodoro-Torres argues that the exercise of jurisdiction over him violated due process because the criminal offense for which he was charged and convicted bore no nexus to the United States.  This argument squarely is foreclosed by our prior precedent:  we have concluded that the Maritime Drug Law Enforcement Act, under which Teodoro-Torres was prosecuted, requires no nexus between the criminal conduct and the United States.  See United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003); United States v. Mena, 863 F.2d 1522, 1527 (11th Cir. 1989).  Teodoro-Torres concedes that his argument is foreclosed by circuit precedent but asks us to adopt the approaches of the Second and Ninth Circuits, which do require a nexus.  But under our prior precedent rule, the ruling from a prior panel is binding on all later panels "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Teodoro-Torres also challenges the district court's denial of a minor role

reduction pursuant to U.S.S.G. § 3B1.2. He contends that his role as a low-level crew member was minimal in comparison with the entire drug trafficking scheme. We review for clear error the district court's determination about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal." Id.

In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), we set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant

3

conduct attributed to the defendant." Id. The first element is the more important and, in many cases, will be dispositive. See id. at 945.

The district court committed no clear error in determining that Teodoro-Torres's role in the offense was more than minor. About the first element, Teodoro-Torres was held accountable at sentencing for the drug quantity attributed to the entire conspiracy: 4000 to 5000 kilograms of cocaine. In this venture, Teodoro-Torres served the crew as a cook. He also (1) worked to equip the boat with a secret compartment so that the vessel could conceal cocaine, (2) helped to load a large amount of cocaine onto the vessel, and (3) cleaned cocaine residue off of the vessel to avoid detection. On these undisputed facts, Teodoro-Torres and the other crew members (also indicted co-conspirators) all played an integral part in the offense necessary for the successful transport of a large amount of cocaine at sea. Id. at 944 ("[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants."). In addition, the quantity of drugs here was quite large; and a large amount of drugs is an important factor in determining the availability of a minor role reduction. Id. at 943.

About the second element, Teodoro-Torres argues that the district court

4

should have compared his role to those people who planned, coordinated and financed the conspiracy. But Teodoro-Torres fails to identify these people other than to say that they "necessarily" were part of the larger drug conspiracy. The district court was not permitted to evaluate Teodoro-Torres's role as compared to that of unidentified co-conspirators. Id. at 944 (for the second part, other participants must be "identifiable or discernible from the evidence" and they must have participated in some conduct attributed to the defendant).

We see no error in the district court's conclusion that Teodoro-Torres failed to meet his burden in showing that he was less culpable than the other crew members aboard the drug smuggling boat.

AFFIRMED.