[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11343
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80486-BB

WILBUR VEASY,

Plaintiff-Appellant,

versus

SHERIFF OF PALM BEACH COUNTY,
Ric L Bradshaw,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 12, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

The question presented in this case is whether a Florida sheriff who has been designated as a chief correctional officer by his county, like defendant Ric Bradshaw, is a state actor entitled to Eleventh Amendment immunity when hiring and firing his deputies, like plaintiff Wilbur Veasy.  After this appeal was filed and briefs were submitted, a panel of this Court concluded that a Florida sheriff is not entitled to Eleventh Amendment immunity in that context.  Stanley v. Broward Cnty. Sheriff, No. 15-13961, ___ F.3d ___, 2016 WL 7229745 (11th Cir. Dec. 14, 2016).  We are bound by that holding and, as a result, we reverse the district court's decision to the contrary in this case.  See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

The judgment of the district court concluding that the defendant is entitled to Eleventh Amendment immunity is therefore **REVERSED** and the case is **REMANDED** for further proceedings in light of this Court's opinion in Stanley.[1]

---

[1]  We do not express any opinion as to the merits of Veasy's claims.  Although Bradshaw moved for summary judgment on the merits in the district court in addition to moving for summary judgment on Eleventh Amendment grounds, the district court addressed only his entitlement to Eleventh Amendment immunity.  Moreover, Bradshaw's brief to this Court addresses only Eleventh Amendment immunity.  We leave it to the district court to decide in the first instance whether Bradshaw is entitled to summary judgment on the merits.