[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15939
Non-Argument Calendar
_____

D.C. Docket Nos. 8:16-cv-01712-JDW-TGW,
8:07-cr-00424-JDW-TGW-1

ASHLY ADARIUS DAVENPORT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 18, 2019)

Before ROSENBAUM, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ashly Davenport pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  The District Court sentenced him to 180 months of imprisonment.

Davenport moved to vacate his sentence under 28 U.S.C. § 2255, but the District Court denied his motion.  Davenport appealed, and we granted a certificate of appealability ("COA") on whether the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), affected his conviction for violating § 924(c).  But *Johnson* does not affect Davenport's conviction because that decision does not pertain to § 924(c).  And even if we treat his claim as challenging his conviction pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down the residual clause of § 924(c), binding precedent in this Circuit holds that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), and therefore his appeal lacks merit.  *See United States v. St. Hubert*, 909 F.3d 335, 345–51 (11th Cir. 2018) (holding, on direct appeal, that Hobbs Act robbery and attempted Hobbs Act robbery qualify as crimes of violence under the elements clause of § 924(c)), *abrogated on other grounds by Davis*, 139 S. Ct. 2319; *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding

is binding on all subsequent panels unless and until it is overruled or undermined

to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

Accordingly, we affirm the District Court's denial of Davenport's § 2255

motion.

**AFFIRMED.**