[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10928

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON MASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:20-cr-00004-RWS-JCF-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Brandon Mason appeals his sentence of 180 months of imprisonment for possessing a firearm as a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(e). Mason argues that he lacks sufficient predicate offenses to qualify for his mandatory-minimum sentence as an armed career criminal. Mason argues that his prior state conviction for attempting to distribute cocaine, O.C.G.A. § 16-13-30, does not count as a "serious drug offense." The government argues that, under our intervening precedent, *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), Mason's prior state conviction for possessing with intent to distribute marijuana, O.C.G.A. § 16-13-30(j)(1), serves as an alternative predicate offense. We affirm.

Mason pleaded guilty to possessing a firearm as a felon. 18 U.S.C. §§ 922(g)(1), 924(e). Mason's presentence investigation report classified him as an armed career criminal based on four 2010 Georgia convictions for possessing with intent to distribute cocaine, selling and possessing with intent to distribute cocaine, attempting to distribute cocaine, and possessing with intent to distribute marijuana. Mason objected to the use of his convictions for attempting to distribute cocaine and for possessing with intent to distribute marijuana.

At Mason's sentencing hearing in March 2022, the district court sustained Mason's objection that the 2010 Georgia definition of marijuana was categorically overbroad because it included hemp, which was delisted from the federal drug schedules in 2018. The district court explained in a post-sentencing order that it compared the Georgia definition to the current federal drug schedules, instead of those in effect at the time of Mason's state conviction. The district court overruled Mason's objection to counting his conviction for attempting to distribute cocaine and ruled that it was a third qualifying conviction for a serious drug offense under the Armed Career Criminal Act. The district court sentenced Mason to the mandatory minimum sentence of 15 years of imprisonment.

We review the determination that a prior state conviction is a predicate offense under the Act *de novo*. *United States v. Conage*, 976 F.3d 1244, 1249 (11th Cir. 2020). Federal law governs our interpretation of the Act, and state law governs our analysis of state offenses. *Id.* "[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) (quotation marks omitted).

The Act mandates a minimum sentence of 15 years of imprisonment when the defendant has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The Act provides that a state law offense is a serious drug offense if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as

defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Regardless of whether Mason's prior conviction for attempting to distribute cocaine serves as a predicate conviction under the Act, Mason's sentence was correctly enhanced under the Act. Mason's conviction for possessing with intent to distribute marijuana qualifies as a third predicate offense. The parties agree that the issue whether Georgia's definition of marijuana was categorically overbroad because it included hemp, *see* O.C.G.A. § 16-13-21(16) (2009), turns on whether the Act incorporates the version of the federal drug schedules at the time of the prior state conviction or at the time of federal sentencing. Our decision in *United States v. Jackson*, issued while Mason's appeal was pending, decides this issue in favor of the government. 55 F.4th 846.

*Jackson* ruled that the definition of a serious drug offense under the Act "incorporates the federal drug schedules in effect at the time of the prior state conviction." *Id.* at 858. At the time of Mason's state conviction, hemp was included in both the state and federal definitions of marijuana. *Compare* 21 U.S.C. § 802(16)(B) (2009), *with* O.C.G.A. § 16-13-21(16) (2009). Because Mason identifies no categorical mismatch between the state and federal definitions of marijuana at the time of his state conviction, we hold based on *Jackson* that the Georgia statue did not sweep more broadly than the federal offense. 55 F.4th at 861.

Mason argues that *Jackson* was incorrectly decided and asks us to compare instead the Georgia definition of marijuana at the time of his state conviction with the federal definition of marijuana at the time of his federal sentencing, after hemp was delisted from the federal drug schedules. *See* 21 U.S.C. § 802(16)(B) (specifying that "[t]he term 'marihuana' does not include—(i) hemp, as defined in section 1639o of Title 7"). But, as Mason acknowledges, we are bound to apply *Jackson* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Because Mason has three predicate offenses to support his mandatory minimum sentence under the Act, we need not decide whether his conviction for attempting to distribute cocaine also qualifies as a serious drug offense. *Chitwood*, 676 F.3d at 975.

We **AFFIRM** Mason's mandatory-minimum sentence.