[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11325

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELADIO ANDRES CONNOR,

Defendant-Appellant,

MARCO FLORICEL SANCHEZ,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20365-KMM-1

_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Eladio Andres Connor appeals his conviction and sentence of 87 months' imprisonment under the Maritime Drug Law Enforcement Act ("MDLEA") for conspiring to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States and possessing with intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States. Connor argues that the MDLEA is unconstitutional as applied to his offense and that the district court lacked subject-matter jurisdiction because the term "high Seas" under U.S. Const. art. I, § 8, cl. 10 must be defined consistently with international law, and, under international law, the high seas do not include the exclusive economic zones ("EEZs") of foreign nations. Connor also argues that Congress exceeded its authority in defining a "vessel without nationality" in the MDLEA to include vessels where a verbal claim of nationality is neither confirmed nor denied by the claimed state because, under international law, a state's failure to confirm or deny a claim of nationality or registry does not render the vessel stateless. The government filed a motion for summary affirmance, arguing that Connor's arguments are foreclosed by our decisions in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), *cert. denied*,

Nos. 24-6691, 24-6177 (U.S. May 19, 2025), and *United States v. Canario-Vilomar*, 128 F.4th 1374, 1377 (11th Cir. 2025).

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

When a motion to dismiss an indictment is based on subject-matter jurisdictional grounds, we review the district court's denial of the motion *de novo*. *Alfonso*, 104 F.4th at 820. Similarly, "[w]e review *de novo* a district court's interpretation of a statute and whether a statute is constitutional." *United States v. Cabezas-Montano*, 949 F.3d 567, 586 n.10 (11th Cir. 2020).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (quotation marks omitted) (cleaned up); U.S. Const. art. I, § 8, cl. 10.

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" while on board "a covered vessel," and to

conspire to do the same. 46 U.S.C. §§ 70503(a)(1), 70506(b). The MDLEA defines a "covered vessel" to include "a vessel subject to the jurisdiction of the United States." *Id.* § 70503(e). The statute defines a "vessel subject to the jurisdiction of the United States," in turn, to include "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(B).

In *Alfonso*, the defendants were stopped by the USCG in the Dominican Republic's EEZ, and one of the defendants made a claim of Colombian nationality for the vessel. 104 F.4th at 819. After Colombia could neither confirm nor deny the registry of the vessel, the USCG treated it as stateless under the MDLEA and seized 12 bales of cocaine from the vessel. *Id.* The defendants subsequently appealed their convictions under the MDLEA, arguing, in part, that the MDLEA was unconstitutional as applied to them because the definition of "high Seas" under the Felonies Clause was limited by international law, and, because the EEZ was not part of the high seas under international law, it fell outside of Congress's authority. *Id.* at 819, 821. We rejected this challenge, reasoning that, based on the Founding-era concept of the "high Seas," a nation's EEZ is part of the "high Seas" under the Felonies Clause, and that "the Felonies Clause is not limited by customary international law." *Id.* at 821–26. We concluded that the MDLEA could therefore be properly enforced in EEZs. *Id.* at 827.

In *Canario-Vilomar*, the appellants, who were seized in vessels in EEZs of foreign nations and convicted under the MDLEA, argued that Congress exceeded its authority under the Felonies Clause in enacting the MDLEA "by defining a 'vessel without nationality' to include vessels that are not stateless under international law." *United States v. Canario-Vilomar*, 128 F.4th 1374, 1378 (11th Cir. 2025). The appellants asserted that the Felonies Clause incorporated principles of international law and that, under international law, a stateless vessel did not include a vessel for which a nation can neither confirm nor deny a claim of national registry. *Id.* at 1378–79. We rejected this challenge, reaffirming *Alfonso*'s ruling that the Felonies Clause is not limited by customary international law and concluding that international law therefore could not limit Congress's authority to define "stateless vessel" under the MDLEA. *Id.* at 1381. We also reaffirmed *Alfonso*'s ruling that the MDLEA could properly be enforced in EEZs. *Id.* at 1381–82.

Under our prior-panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

We conclude that the government is clearly right as a matter of law that Connor's arguments on appeal are foreclosed by binding precedent. As we ruled in *Alfonso*, the MDLEA is enforceable in foreign EEZs because EEZs form part of the "high Seas," and international law does not limit the definition of the "high Seas"

under the Felonies Clause. Moreover, as we ruled in *Canario-Vi-lomar*, international law does not limit Congress's power to define "stateless vessel" under the MDLEA.

Accordingly, because the government's position is clearly right as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**