**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10311
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAMON SANTIAGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20599-MGC-1

_____

_____

No. 23-10312
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FEYBER MONCARIS DE AVILA,
   a.k.a. Moncaris Feyber De Avila,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20599-MGC-4
_____

_____

No. 23-10347
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WALLYST ROCHIST ULLOA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20599-MGC-3
_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

In this consolidated appeal, codefendants Ramon Santiago, Feyber Moncaris De Avila, and Wallyst Rochist Ulloa appeal their respective convictions under the Maritime Drug Law Enforcement Act ("MDLEA") for conspiracy to possess with intent to distribute cocaine aboard a vessel subject to United States jurisdiction. Santiago and Ulloa argue that the district court erred in denying their joint motions to dismiss the indictment because: (1) the MDLEA is unconstitutional as applied to them because their offenses occurred in waters within Colombia's Exclusive Economic Zone ("EEZ"), which are not part of the "high seas" and thus are beyond Congress's authority; and (2) section 70502(d)(1)(C) of the MDLEA is unconstitutional, facially and as applied to them, because it defines a "vessel without nationality" to include vessels that are not stateless under international law. Additionally, De Avila and Ulloa argue that their prosecution violated the Due Process Clause and exceeded Congress's authority under the Felonies Clause of the Constitution because the offense had no nexus with the United States.

The government moves for summary affirmance, arguing that binding authority forecloses their claims.[1] After review, we grant the government's motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

---

[1] The appellants did not file a response to the motion for summary affirmance.

4                    Opinion of the Court                    23-10311

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). [2]

When, as here, the defendants filed motions to dismiss the indictment in the district court based on subject matter jurisdiction, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025). "Likewise, we review *de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id*. (alteration adopted) (quotations omitted).

Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a vessel subject to the jurisdiction of the United States," and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). The statute defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." *Id*. § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that all decisions from the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit").

the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." *Id.* § 70502(d)(1)(C). The MDLEA "applies even though the [criminal] act is committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

The MDLEA has been the subject of numerous legal challenges over the years. Most recently, in *Alfonso*, we rejected a constitutional challenge that Congress lacked the authority under the Felonies Clause of the Constitution[3] to prosecute offenses occurring in an EEZ—"the waters extending 200 nautical miles seaward of and adjacent to the territorial sea of a nation"—because those waters were not part of the "high seas." 104 F.4th at 818. In rejecting this challenge, we held that "international law does not limit the Felonies Clause" and that EEZs were "part of the 'high seas' for purposes of the Felonies Clause." *Id.* at 823, 826–27.

We then reaffirmed *Alfonso*'s holding in *United States v. Canario-Vilomar*, holding that Congress was not constrained by international law in crafting the MDLEA, and rejecting the appellant's argument that Congress could not reach his conduct because it occurred in Columbia's EEZ. 128 F.4th 1374, 1381–82

---

[3] Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (alteration adopted) (quotations omitted).

(11th Cir. 2025).    Thus, Santiago's and Ulloa's as-applied constitutional challenge to Congress's constitutional authority to regulate conduct in Columbia's EEZ is squarely foreclosed by *Alfonso* and *Canario-Vilomar*.

Additionally, in *Canario-Vilomar*, we rejected the appellant's claim that the MDLEA is unconstitutional because § 70502(d)(1)(C) grants the United States jurisdiction based on a definition of a "vessel without nationality" that includes vessels that are not stateless under international law.    128 F.4th at 1380–81.    We explained that because "the Felonies Clause is not limited by customary international law," "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA."    *Id.* at 1381 (quotations omitted).    Thus, Santiago's and Ulloa's constitutional challenge to the definition of a "vessel without nationality" in § 70502(d)(1)(C) is squarely foreclosed, and they are not entitled to relief.

Finally, we have repeatedly held that "the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) (collecting cases); *United States v. Hernandez*, 864 F.3d 1292, 1303 (11th Cir. 2017); *United States v. Campbell*, 743 F.3d 802, 810–12 (11th Cir. 2014); *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003) ("[T]his circuit and other circuits have not embellished the MDLEA with a nexus requirement.").    Relatedly, we have also repeatedly "held that the Fifth Amendment's Due Process Clause

does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Cabezas-Montano*, 949 F.3d at 587; *Campbell*, 743 F.3d at 812 (same). Accordingly, De Avila and Ulloa are not entitled to relief on this claim.

Thus, the government is clearly correct, as a matter of law, that the appellants' claims are foreclosed by circuit precedent. Consequently, summary affirmance is proper in this case, and we **GRANT** the government's motion.