**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10600

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAFAEL ESPINAL-ALMEIDA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20206-JB-1

_____

Before JILL PRYOR, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Appellant Rafael Espinal-Almeida pleaded guilty to conspiring to possess with intent to distribute cocaine on a vessel subject to the jurisdiction of the United States. On appeal, he raises a

constitutional challenge to his conviction. The government has moved for summary affirmance. We grant the government's motion.

## I.

In April 2024, the United States Coast Guard spotted a boat that displayed no indicia of nationality approximately 60 nautical miles off the coast of the Dominican Republic. A Coast Guard team stopped and boarded the boat. Aboard the boat, they found two men, Espinal-Almeida and Manuel Alvarez. Although neither man claimed to be the master or person in charge, both claimed Dominican nationality for the boat. The United States contacted the government of the Dominican Republic, which denied nationality. Based on this response, the Coast Guard treated the boat as one without nationality and concluded that it was subject to the jurisdiction of the United States. The Coast Guard recovered 401 kilograms of cocaine from the boat.

A grand jury in the Southern District of Florida returned an indictment charging Espinal-Almeida with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One) and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States (Count Two).[1] Espinal-Almeida moved to dismiss the indictment, challenging the constitutionality of the statute under which he had been indicted—the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501–08. After the district court denied the motion, Espinal-Almeida pleaded guilty to Count One in exchange for the government dismissing Count Two. The district court sentenced him to 180 months' imprisonment.

This is Espinal-Almeida's appeal.

## II.

Summary disposition is appropriate when "the result is clear as a matter of law so that there can be no substantial question as to the outcome." *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019).

We review *de novo* a district court's determination on its subject matter jurisdiction. *United States v. Canario-Vilomar*, 128 F.4th 1374, 1378 (11th Cir. 2025). "Likewise, we review *de novo* the constitutionality of a criminal statute." *Id.* "Although a guilty plea generally waives a defendant's right to appeal his conviction, it does not waive the right to challenge the constitutionality of the statute underlying the conviction." *Id.*

---

[1] The indictment charged Alvarez with the same crimes. He pleaded guilty to the conspiracy charge and received a sentence of 120 months' imprisonment. Alvarez did not appeal his conviction or sentence.

### III.

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to . . . distribute, a controlled substance" on board "a vessel subject to the jurisdiction of the United States" and to conspire to do the same. 46 U.S.C. §§ 70503(a)(1), (e)(1); 70506(b). The MDLEA defines "vessel subject to the jurisdiction of the United States" to include "a vessel without nationality." *Id.* § 70502(c)(1)(A). A "vessel without nationality," in turn, is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed." *Id.* § 70502(d)(1)(A). The MDLEA's prohibitions apply even when the criminal conduct is "committed outside the territorial jurisdiction of the United States." *Id.* § 70503(b).

On appeal, Espinal-Almeida raises a challenge to his conviction under the Felonies Clause of the Constitution, which authorizes Congress to punish certain offenses committed on the high seas. *See* U.S. Const. art. I, § 8, cl. 10 (granting Congress the authority "[t]o define and punish Piracies and Felonies committed on the high Seas"). He argues that the Felonies Clause did not authorize his prosecution because the waters where he was arrested are part of the exclusive economic zone of the Dominican Republic.[2]

---

[2] A nation's exclusive economic zone sits beyond its territorial waters but within 200 nautical miles of its coastal baseline. *United States v. Alfonso*, 104 F.4th 815, 821 (11th Cir. 2024). We have described the concept of an exclusive economic zone as of "relatively modern vintage." *Canario-Vilomar*, 128 F.4th at 1382; *see also Alfonso*, 104 F.4th at 823 (explaining that at the time

Relying on customary international law, he asserts that waters that are part of another nation's exclusive economic zone are not part of the high seas, and thus the United States lacks jurisdiction to enforce the MDLEA over a vessel in another nation's exclusive economic zone.

This challenge is foreclosed by precedent. We have held that other countries' exclusive economic zones are "part of the 'high seas' for purposes of the Felonies Clause," and thus "enforcement of the MDLEA in [exclusive economic zones] is proper." *United States v. Alfonso*, 104 F.4th 815, 823, 827 (11th Cir. 2024). In reaching this conclusion, we rejected the argument that "Congress's authority under the Felonies Clause to define and punish felonies committed on the 'high seas' is limited by customary international law." *Id.* at 825.

Here, the government is clearly correct, as a matter of law, that Espinal-Almeida's challenge is foreclosed by precedent. Our decision in *Alfonso* binds us because it has not been overturned or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Accordingly, we **GRANT** the government's motion for summary affirmance.

---

of the adoption of the Constitution, the concept of an exclusive economic zone "did not exist").