**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12302
Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ISIAH TEANTHONY JOY,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cr-00225-LSC-NAD-1

————————————————

Before NEWSOM, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

The District Court for the Northern District of Alabama sentenced Isiah Teanthony Joy to 60 months' imprisonment for knowingly possessing a firearm as a convicted felon in violation of 18

U.S.C. § 922(g)(1). Joy appeals his conviction and sentence. First, he argues that § 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024). Next, he argues that the sentence imposed by the District Court is substantively unreasonable. Finding none of his arguments persuasive, we affirm.

## I. BACKGROUND

On January 14, 2023, an Alabama State Trooper Cochran conducted a traffic stop on a black Dodge Durango for speeding. As the trooper approached the vehicle, he noticed the smell of marijuana. The trooper identified Joy in the driver's seat, an adult passenger in the front seat, and a minor passenger in the back seat.

Based on the marijuana odor, Trooper Cochran ordered all occupants to exit the vehicle and conducted a search. Trooper Cochran found a bag of marijuana on the gear shift of the vehicle, another bag of marijuana in the driver side door pocket, yet another bag of marijuana in the center console, and a backpack with marijuana inside in the back seat area. He also found a digital scale behind the driver's seat, and six-hundred dollars in cash and a loaded Smith & Weston 9mm pistol in the side door pocket.

Trooper Cochran arrested Joy and transported him to the Tuscaloosa County Jail. After being read his *Miranda*[1] rights, Joy told law enforcement officers that he purchased the firearm at a

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

gun show, and he admitted to being a convicted felon. Joy also admitted that the marijuana found in the vehicle was his and that he purchased it in Ohio.

A grand jury indicted Joy on one count of possessing a firearm as a convicted felon, in violation of § 922(g)(1).

On October 18, 2023, Joy filed a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3). Joy argued that § 922(g)(1), as applied to his case, violates the Second Amendment as interpreted by the U.S. Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022).[2] The District Court denied Joy's motion, finding that, under Eleventh Circuit precedent, the challenged statute was constitutional.

On February 21, 2024, Joy entered into a plea agreement with the Government. In the plea agreement, Joy stipulated to the facts pertaining to his arrest and his prior convictions.[3] As part of the agreement, the Government recommended that Joy be

---

[2] *Rahimi* had not been decided by the time Joy filed his motion to dismiss, so he made his Second Amendment argument based on the Supreme Court's decision in *Bruen*.

[3] Joy stipulated to the following prior convictions, punishable by imprisonment for a term exceeding one year, in his plea agreement. On July 10, 2014, Joy was convicted of unlawful possession of marijuana, first degree. On December 12, 2016, he was convicted of unlawful possession of marijuana, first degree; receiving stolen property, second degree; and possessing a firearm as a certain person forbidden to possess a firearm. On July 28, 2016, he was convicted of being a felon in possession of a firearm.

awarded an appropriate reduction in offense level for acceptance of responsibility and that Joy be incarcerated for a term consistent with the United States Sentencing Guidelines range. Joy waived the right to appeal his conviction and sentence but maintained the right to appeal any sentence imposed in excess of the Guidelines sentencing range and the Court's denial of his motion to dismiss.

At sentencing, the District Court found that Joy's Guidelines offense level was 15, his criminal history category was III, and that his Guidelines imprisonment range was 24 to 30 months. U.S.S.G. Ch. 5, Pt. A (Nov. 2023). His statutory maximum sentence was 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8). Pursuant to the plea agreement, the Government recommended a sentence in the middle of the Guidelines range. But the District Judge noted that he had previously sentenced Joy for essentially the same offense in 2015, and that he did not feel that a within-Guidelines range was appropriate in this case.[4] He stated that since Joy demonstrated an absolute disrespect for the law by repeatedly committing the same offense, a 72-month sentence would be more appropriate. Joy's attorney argued that Joy's history had already been fully accounted for in the Guidelines calculation, making the Guidelines sentence appropriate in this case. The Court partially agreed, and told Joy, "I am buying some of [your attorney's] argument. [But] I don't think that . . . you have any respect whatsoever for the law and you

---

[4] He also noted that Joy had two new drug trafficking charges, but that he would not consider them in sentencing because he did not have any evidence of the details.

just think you can do whatever you want to do." The District Court sentenced Joy to 60 months' imprisonment.

Now on appeal, Joy raises two issues. First, he argues that the District Court erred in denying his motion to dismiss the indictment against him on the grounds that § 922(g)(1) is unconstitutional under the Second Amendment. Second, he argues that the District Court abused its discretion during sentencing by imposing an upward variance based on factors that were already accounted for in the Guidelines calculation.

## II. SECOND AMENDMENT

First, we consider whether the District Court erred by denying Joy's Motion to Dismiss on the grounds that § 922(g)(1) violates the Second Amendment.

We review the constitutionality of a statute de novo. *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021).

Several months after Joy filed this appeal, this Court considered the constitutionality of § 922(g)(1) in light of the Supreme Court's decision in *United States v. Rahimi. See United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025). We held unequivocally that § 922(g)(1) does not violate the Second Amendment. *Id.* at 889. Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Neither the Supreme Court nor this Court sitting

en banc have overruled or undermined our decision in *Dubois*. Therefore, we are bound by its holding.

To the extent that Joy's challenge to § 922(g)(1) is as-applied, his argument still fails. Joy argues that his prior felonies are nonviolent—that they only include marijuana possession, theft of property, and being a felon in possession of a firearm. Since prohibitions against possession of firearms by nonviolent offenders did not appear until 1961, Joy asserts that there is no founding-era historical analogue for the statute as required by *Bruen*. However, Dubois was also a nonviolent offender, having only been convicted of various drug offenses, possession of movies for the purposes of unlawful distribution, and financial identity fraud. *Dubois*, 139 F.4th at 889. Nonetheless, we held that § 922(g)(1) is constitutional as applied to Dubois. *Id.* at 894. Joy does not indicate that his situation is different from Dubois's in any material way. Therefore, we must find that § 922(g)(1) is constitutional as applied to Joy.

## III. SENTENCING

Next, we consider whether the 60-month sentence imposed by the District Court is substantively reasonable. Joy argues that the District Court abused its discretion by varying upwards from his Guidelines range of 24 to 30 months based on factors already accounted for in the Guidelines. He argues that, although his criminal history and the circumstances of his offense are valid considerations enumerated in 18 U.S.C. § 3553(a), the District Court erred by according them too much weight at the expense of other

§ 3553(a) factors. Specifically, Joy received a four-point enhancement to his offense level for his possession of the marijuana pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and a three-level increase in his criminal history score for his previous conviction under § 922(g)(1). Taken together, these enhancements increased Joy's sentencing range from 10–16 months to 24–30 months. Joy also argues that the upward variance risks creating unwarranted sentencing disparities.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (citation modified).

The district court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). Proper factors to consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The district court must consider all applicable § 3553(a) factors, however, the court need not give all factors equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is not required to explicitly address each of the § 3553(a) factors or all the mitigating factors. *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024). All that is required of the district court is an acknowledgment that it considered the defendant's arguments and the § 3553(a) factors. *Ibid.*

"We will vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (citation modified). A sentence that is well below the applicable statutory maximum, even if it is an upward variance, is an indication that the sentence is substantively reasonable. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Joy's argument that the District Court abused its discretion by considering his criminal history when it was already included in the Guidelines calculation fails because the Sentencing Guidelines explicitly permit the sentencing judges to consider the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). "[A] district court may vary upward based on conduct that was already considered in calculating the guideline range." *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). Likewise, Joy's argument that this

accorded too much weight to his criminal history fails because sentencing judges need not afford each factor equal weight. *See Rosales-Bruno*, 789 F.3d at 1254.

Joy's argument that the upward variance risks creating a sentencing disparity also fails. To vacate a sentence as unreasonable due to disparities between the appellant's sentence and those of similarly situated defendants, the circumstances of the comparator cases in question must be very similar. *United States v. Sotis*, 89 F.4th 862, 880–81 (11th Cir. 2023). Defendants carry the burden of showing that their sentence is disparate compared to similarly situated defendants. *United States v. Bergman*, 852 F.3d 1046, 1071 (11th Cir. 2017). Here, Joy did not meet his burden of pointing to specific examples of similarly situated defendants who received lesser sentences. Rather, he only showed that the average defendant with Joy's offense level and criminal history category received a lower sentence than he did. Not only does Joy not point to specific examples of similarly situated defendants, but the group of defendants he references is not a valid comparator because many of those defendants did not commit the same crime.

## IV. CONCLUSION

We hold that the District Court did not err by denying Joy's motion to dismiss and that the Court did not abuse its discretion by sentencing Joy to an above-Guidelines sentence.

**AFFIRMED.**