[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12467

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN MELVIN DUPRE-PENA,
a.k.a. Juan M. Pena,
a.k.a. Wilberto Class,
a.k.a. Adriano Pena Pena,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20563-DPG-1

_____

Before JILL PRYOR, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Juan Dupre-Pena appeals his 24-month sentence for illegal reentry into the United States after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Defendant claims the sentencing judge unlawfully applied a 10-level increase pursuant to USSG § 2L1.2(b)(3), a provision he argues is unconstitutional. As explained below, Defendant's argument is foreclosed by binding circuit precedent. Accordingly, we affirm the sentence.

## BACKGROUND

Defendant Juan Dupre-Pena, a citizen and native of the Dominican Republic, illegally entered the United States more than 30 years ago at an unknown location. He was removed from the United States to the Dominican Republic in 1991 after completing a 2-year sentence in Massachusetts for unlawful distribution of cocaine. A few years later, Defendant used an alias to reenter the United States with an immigrant visa. He was removed from the United States a second time in 2004 after completing another sentence in Massachusetts for cocaine distribution and trafficking. Within a few months of his second removal, Defendant again reentered the United States using an alias. In 2016, he was removed

from the United States to the Dominican Republic a third time after serving a 5-year sentence for distributing cocaine.

Defendant was arrested in Miami in May 2019 for cocaine trafficking, having once again reentered the United States after being removed multiple times. Following his arrest, Defendant was indicted and pled guilty to one count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2). The PSR assigned Defendant a base offense level of 8 under USSG § 2L1.2(a). Citing Defendant's most recent conviction for distributing cocaine, which occurred after his first removal from the United States and resulted in a sentence of 5 years or more, the PSR recommended a 10-level increase pursuant to USSG § 2L1.2(b)(3)(A). Factoring in a 2-level deduction for acceptance of responsibility, the PSR set Defendant's total offense at 15, yielding a recommended guidelines range of 24 to 30 months.

At sentencing, Defendant agreed with the calculation in the PSR, but he objected to the 10-level increase applied under USSG § 2L1.2(b)(3)(A) on the ground that the provision "double counts" a defendant's criminal history category and offense level. Defense counsel clarified during the sentencing hearing that this argument was foreclosed by Eleventh Circuit precedent and that he had filed the objection only to preserve it for the record in case the issue was revisited by this Court. The Government requested a sentence at the high end of the guidelines range, noting that Defendant had been deported three times since the early 1990s, only to return to commit more crimes in the United States. The district court

sentenced Defendant to 24 months, the low end of the recommended guidelines range, to be followed by 3 years of supervised release.

Defendant appeals, reasserting his argument that USSG § 2L1.2(b)(3) is unconstitutional. Defendant admits that he is subject to the 10-level increase provided for in § 2L1.2(b)(3)(A) based on his conviction of a felony offense in 2011, after his unauthorized reentry into the United States, that resulted in a sentence of 5 years. But he argues that the increase violated his equal protection and due process rights because it resulted in a double counting of the 2011 conviction, for which Defendant also received 3 criminal history points under the guidelines.

## DISCUSSION

As Defendant acknowledged at sentencing and concedes on appeal, his argument that USSG § 2L1.2(b)(3) is unconstitutional because it double counts his 2011 felony conviction for purposes of his criminal history points and 10-level enhancement is foreclosed by binding Eleventh Circuit precedent. *See United States v. Osorto*, 995 F.3d 801, 823–24 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 470 (Nov. 8, 2021). In *Osorto*, this Court expressly rejected that very argument, holding that USSG § 2L1.2(b)(3) does "not violate the Constitution's guarantee of equal protection" nor does it "cause unlawful double-counting in violation of due process or otherwise." *Id.*

*Osorto* is materially indistinguishable from this case, and thus controlling here.  This Court has consistently reaffirmed its ruling in *Osorto* as to the constitutionality of USSG § 2L1.2(b)(3) and the Supreme Court has declined to address the issue.  *See United States v. Huerta-Carranza*, 2022 WL 1640701, at *3 (11th Cir. May 24, 2022) (reaffirming *Osorto*), *cert. denied*, 143 S. Ct. 611 (Jan. 9, 2023); *United States v. Bonilla-Diaz*, 2023 WL 111054, at *3 (11th Cir. Jan. 5, 2023) (same).  Accordingly, we are bound by the prior panel precedent rule to reject the argument asserted by Defendant on appeal and to affirm his sentence.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [the prior panel precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

## CONCLUSION

For the reasons discussed above, we **AFFIRM** Defendant's sentence.