[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13436

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLTON MARTIN VOLZ, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00024-HL-TQL-1

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Carlton Volz, III, appeals his conviction for violation of 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. Volz argues that this statutory provision is unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), because it proscribes conduct protected by the Second Amendment and is not consistent with this nation's tradition of firearms regulations. Volz also argues that, even if constitutional in some circumstances, § 922(g)(1) is unconstitutional as applied to him. After careful review, we affirm the conviction in this case.

## I.

In June 2021, a federal grand jury returned an indictment charging Volz with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 3), and possession with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2).

Pursuant to a plea agreement, Volz pleaded guilty to Count 1 in exchange for dismissal of Counts 2 and 3. The parties stipulated that, on September 2, 2020, Volz was arrested at a convenience store based on an outstanding warrant after Volz ducked into the restroom after he noticed law enforcement officers. Officers searched the restroom and recovered bags containing alprazolam pills and methamphetamine, and they also discovered a firearm. Volz consented to a search of his vehicle in which officers

recovered a round of ammunition, a notebook listing firearms, and $13,000 in cash. In a later search of Volz's residence, officers recovered multiple firearms, a small amount of methamphetamine, and syringes.

The plea agreement contained an appeal waiver, prohibiting Volz from directly appealing the sentence imposed unless it exceeded the statutory maximums or the Guidelines range as calculated by the district court. It also prohibited Volz from challenging his sentence in a motion brought under 28 U.S.C. § 2255 or bringing any other collateral attack, except for a claim of ineffective assistance of counsel.

At his change of plea hearing, Volz confirmed that he understood the potential penalties of pleading guilty, the constitutional rights that he was forfeiting, and the charges against him. Volz agreed with the facts as stipulated in the plea agreement, including that he possessed a functioning firearm while he was a convicted felon and knew of his status as a convicted felon. The court determined that Volz was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea was made knowingly and voluntarily. The district court accepted Volz's guilty plea. The district court sentenced Volz to 90 months of imprisonment followed by 3 years of supervised release.

## II.

We generally review *de novo* the constitutionality of a statute but review for plain error only where, as here, a defendant raises a

constitutional challenge to his statute of conviction for the first time on appeal. *United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019) (citing *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)); *see also United States v. Alfonso*, 104 F.4th 815, 829 n.18 (11th Cir. 2024) (holding that appellants' challenge to a statute because it arguably exceeded Congress's authority "is a garden variety constitutional attack, which the Appellants should have raised below in order to preserve the issue for appeal," and since "[t]hey failed to do so," "their claim is subject to plain error review"). A criminal defendant's guilty plea does not bar a subsequent constitutional challenge to the statute of conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

An error is plain if the legal rule is clearly established at the time the case is reviewed on direct appeal. *United States v. Henderson*, 409 F.3d 1293, 1307-08 (11th Cir. 2005). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where this court's or the Supreme Court's precedent directly resolves it. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022) (citing *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015)). Additionally, under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent . . . ."). "To

constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

### III.

Volz argues that 18 U.S.C. § 922(g)(1) is facially unconstitutional under criteria recently articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), because the plain text of the Second Amendment covers the possession of firearms by "the people," which includes even felons, and because the statutory provision is inconsistent with the nation's tradition of firearm regulations. Alternatively, Volz claims that, even if the statute is facially constitutional, it is unconstitutional as applied to him because there is no tradition that supports prohibiting firearm possession by persons simply because they are felons. Thus, Volz asks us to hold our previous decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), which upheld the constitutionality of § 922(g)(1) as applied to a felon, to have been abrogated by *Bruen*.

In *United States v. Dunlap*, No. 23-12883, 2024 WL 2176656 (11th Cir. May 15, 2024), we addressed the same arguments as those raised in this appeal. As we explained in *Dunlap*, our decision

in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), held that *Bruen* did not abrogate *Rozier*. *Dunlap*, 2024 WL 2176656, at *2 ("[O]ur binding precedent from *Rozier*, holding that § 922(g)(1) is constitutional, and *Dubois*, confirming the constitutionality of § 922(g)(1) post-*Bruen*, conclusively forecloses [Dunlap's] argument.").

In addition, the Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), does not undermine our analyses in *Rozier*, *Dubois*, or *Dunlap*. *See, e.g.*, *Rahimi*, 144 S. Ct. at 1901 ("[W]e do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse . . . ." (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008))); *id.* at 1902 ("But *Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" (citing *Heller*, 554 U.S. at 626, 627, n.26)).

Finding no essential difference between *Dunlap* and Volz's appeal, we hold that Volz's constitutional challenges to § 922(g)(1) fail for the same reasons, and we affirm his conviction by the district court.

**AFFIRMED.**