# United States Court of Appeals
## For the First Circuit

No. 24-1518

29 GREENWOOD, LLC,

Plaintiff, Appellant,

v.

CITY OF NEWTON; NEWTON HISTORICAL COMMISSION; MAYOR RUTHANNE
FULLER, individually and in her official capacity; DOUG
CORNELIUS, individually and in his official capacity; PETER
DIMOND, individually and in his official capacity; KATY HOLMES,
individually and in her official capacity; JOHN LOJEK,
individually and in his official capacity; ANTHONY CICCARIELLO,
individually and in his official capacity,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, U.S. District Judge]

Before
Montecalvo, Circuit Judge,
Breyer,* Associate Justice,
and Lynch, Circuit Judge.

Thomas H. Curran, with whom Brian J. LeFort and Thomas H.
Curran Associates, LLC, were on brief, for the appellant.
Kristen N. Annunziato, with whom Jonah M. Temple and The City
of Newton Law Department were on brief, for appellees.

---

* Hon. Stephen G. Breyer, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

February 4, 2025

**BREYER, <u>Associate Justice</u>**.  This is a land use dispute between a developer and local government authorities concerning the restoration of a property that has been designated as a historical landmark.  The developer argues that the local government violated its federal constitutional rights by forcing it to stop restoring the property.  Because this dispute could be substantially narrowed or mooted by the resolution of state-law issues presently pending in state court, we decline to reach the merits at this time and instead direct the district court to stay the suit while the state-court proceedings are ongoing.

Because this case arrives to us on a motion to dismiss, we take as true all well-pleaded allegations in the complaint.  See <u>Martin</u> v. <u>Somerset Cnty.</u>, 86 F.4th 938, 941 (1st Cir. 2023).  In 2017, the Newton Historical Commission issued a permit authorizing a developer to restore the Gershom Hyde House located at 29 Greenwood Street in Newton, Massachusetts.  A few years later, a company called 29 Greenwood, LLC, purchased the property for $1.15 million.  The construction permit was transferred with the sale.

The new company -- Greenwood -- says that shortly after it began restoration work, it discovered that the building (originally constructed in 1744) was in worse physical shape than it had thought.  So it tore down large portions of the building to reconstruct them, it says, in the original style with many of

the original parts. But the Commission concluded that, by doing so, Greenwood had violated its permit and a local ordinance regulating historical landmarks. It thus ordered Greenwood to stop its work and initiated a criminal complaint seeking to impose fines. Greenwood disagreed with the Commission's assessment, but it obeyed the stop-work order. Although state law provided a mechanism to challenge the Commission's determination that it had violated its permit, Greenwood did not invoke that method.

In an attempt to continue its project, Greenwood submitted a series of revised proposals to the Commission, each time asking the Commission to issue a modified permit. The Commission denied all of Greenwood's applications. Greenwood began to think that the Commission would never authorize it to rebuild the house. And so, since it thought the value of the property in that condition was low, it brought this action in February 2023, accusing the Commission of taking its property without compensation in violation of the federal Constitution. See U.S. Const. amend. V ("[N]or shall private property be taken for public use without just compensation."). Greenwood also claimed that the alleged Taking constituted a violation of state law and that the Commission's fines were unconstitutionally excessive. Greenwood initially filed this suit in state court, but the defendants removed it to federal court.

- 4 -

On April 30, 2024, the federal district court concluded (among other things) that this case amounts to an everyday zoning-type dispute between a zoning board and a property owner -- the type of dispute that is not sufficiently unusual to trigger the Takings Clause. See First Eng. Evangelical Lutheran Church of Glendale v. Cnty. of L.A., 482 U.S. 304, 321 (1987) (suggesting that "normal delays in obtaining building permits, changes in zoning ordinances, variances, and the like" do not ordinarily raise problems under the Takings Clause); cf. Mongeau v. City of Marlborough, 492 F.3d 14, 19 (1st Cir. 2007) ("[W]e have generally been hesitant 'to involve federal courts in the rights and wrongs of local planning disputes[.]'" (quoting Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992))). It therefore dismissed Greenwood's complaint for failing to state a claim.

In this appeal, Greenwood contends that the district court failed to appreciate that the Commission acted in bad faith. According to Greenwood, the Commission violated the Takings Clause because its actions demonstrate that it will never permit Greenwood to continue its reconstruction of the property, no matter what Greenwood promises to do.

The primary question raised in this suit is whether the Commission violated the Takings Clause by failing to grant Greenwood the reconstruction permission it seeks. We do not reach

- 5 -

this, or the other issues that Greenwood raises on appeal, however, for one basic reason.  Two actions are presently pending in state court.  And through those state-court actions, the federal issue in this case is likely to be mooted or narrowed.

Before Greenwood filed this (initially state-court) action, it had brought another action in state superior court (which we will call the "original state-court action"). Complaint, 29 Greenwood, LLC v. City of Newton, No. 2281-3240 (Middlesex Sup. Ct. Sept. 1, 2022).  In that original state-court action -- filed in September 2022 -- Greenwood challenged the Commission's rejection of its remedial plans under state law.  See id. at 17-18; see also Warner v. Lexington Hist. Dists. Comm'n, 831 N.E.2d 380, 384 (Mass. App. Ct. 2005) (recognizing that a commission decision will be vacated if "it is based on a legally untenable ground, or is unreasonable, whimsical, capricious, or arbitrary" (quoting Gumley v. Bd. of Selectmen of Nantucket, 358 N.E.2d 1011, 1015 (Mass. 1977))).

In July 2023, on application of the Commission, a state court issued a criminal complaint against Greenwood.  Greenwood then filed an emergency motion in the original state-court action seeking an emergency stay of the criminal proceedings.  The state court denied relief as to the criminal proceedings and retained jurisdiction over Greenwood's assertions that the Commission had violated state law.  The criminal proceedings remain ongoing.

Back in federal court, the Commission next moved to dismiss Greenwood's complaint. The federal district court granted the motion, and Greenwood filed this appeal. Six months later, in the original state-court action, the state superior court denied the Commission's motion for summary judgment on the merits, sending to trial the question of whether the Commission had acted properly under state law. Memorandum of Decision and Order on Defendants' Motion for Summary Judgment at 11, 29 Greenwood, LLC v. City of Newton, No. 2281-3240 (Middlesex Sup. Ct. Oct. 25, 2024). The state court has not yet held that trial.

The Supreme Court has directed that, in certain circumstances, a federal court should abstain from reaching a federal constitutional issue where it is likely that the dispute could be resolved (or narrowed) in state court under state law. See R.R. Comm'n v. Pullman Co., 312 U.S. 496, 501 (1941). The purpose of Pullman abstention is to enable courts "to avoid resolving . . . federal question[s] by encouraging a state-law determination that may moot the federal controversy." San Remo Hotel, L.P. v. City & Cnty. of S.F., 545 U.S. 323, 339 (2005). Abstention also "serves to 'avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues.'" Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir. 2008) (quoting Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 76 (1997)). It is thus often appropriate for a federal court to abstain from

reaching a constitutional issue "[w]here there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim." Harris Cnty. Comm'rs Ct. v. Moore, 420 U.S. 77, 83 (1975). This is particularly true when a constitutional question implicates issues of land-use planning -- a "sensitive area of social policy into which the federal courts should not lightly intrude." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 802 (9th Cir. 2001) (quoting Pearl Inv. Co. v. City & Cnty. of S.F., 774 F.2d 1460, 1463 (9th Cir. 1985)).

Given the overlapping legal issues between the pending state-court case (concerning state law, not federal constitutional law) and the case here (concerning a federal constitutional issue), the best course is for the state court to analyze this dispute before the federal courts weigh in further. The outcome of Greenwood's state court case could moot -- or significantly narrow -- this case. If Greenwood loses its case in state court, that means the Commission acted reasonably under state law, suggesting that this is the sort of ordinary zoning dispute not likely to trigger the Takings Clause. And if Greenwood prevails, it should be able to obtain there a significant portion of the relief it seeks here. Greenwood's other claims could be mooted or narrowed by the state-court proceeding, too. Whether the fines, not yet issued in the state criminal action, would be constitutionally

excessive turns at least in part on the legality of the Commission's actions under state law. And the state-law claims that Greenwood has raised here are largely derivative of its federal Takings claim. We recognize that the Commission has not requested abstention here, but we "may raise the issue of abstention sua sponte." Ford Motor Co. v. Meredith Motor Co., 257 F.3d 67, 71 n.3 (1st Cir. 2001).

We therefore vacate the district court's dismissal of the claims Greenwood appealed and remand with instructions to enter a stay under Pullman. The district court may proceed after the Massachusetts state courts have ruled on the Commission's actions under state law. Each party shall bear its own costs.