[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13640

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER SINISTERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00208-SDM-SPF-5

_____

Before Jill Pryor, Brasher, and Hull, Circuit Judges.

PER CURIAM:

Defendant Alexander Sinisterra was interdicted at sea on a vessel carrying 713 kilograms of cocaine and 1,391 pounds of marijuana. After pleading guilty, Sinisterra appeals his drug conspiracy conviction under the Maritime Drug Law Enforcement Act ("MDLEA"). On appeal, Sinisterra argues that the district court lacked jurisdiction under the MDLEA to enter his conviction because his offense occurred in Panama's exclusive economic zone ("EEZ") and not on the "high seas." After review, we affirm.

## I. BACKGROUND

On June 16, 2021, a go-fast vessel was spotted in international waters about 75 nautical miles south of Punta Burica, Panama. A U.S. Coast Guard cutter approached to investigate and observed the vessel's crew jettisoning packages overboard.

The Coast Guard received authorization to stop and board the vessel, where officers identified five Colombian nationals, including Sinisterra. The Coast Guard also recovered the jettisoned packages, which field-tested positive for cocaine and marijuana. Because none of the crew claimed to be the vessel's master or claimed nationality for the vessel, and there was no flag or other indicia of nationality, the Coast Guard treated it as a vessel without nationality subject to U.S. jurisdiction.

In total, the Coast Guard seized 27 cocaine bales with an estimated weight of 713 kilograms and 18 marijuana bales with an estimated weight of 1,391 pounds.  Sinisterra knew the bales on the go-fast vessel contained at least 5 kilograms of cocaine and at least 100 kilograms of marijuana and that the planned voyage was a drug smuggling venture.  Further, Sinisterra knowingly and willingly agreed with his codefendant crewmembers and others to transport the cocaine and marijuana, and the purpose of their agreement was to smuggle the drugs through international waters and distribute them to other persons.

A federal grand jury indicted Sinisterra and his codefendants with drug crimes under the MDLEA.  Pursuant to a plea agreement, Sinisterra pled guilty to one count of conspiracy to distribute cocaine and marijuana while aboard a vessel on the high seas subject to United States jurisdiction, in violation of 46 U.S.C. §§ 70503 and 70506(a) and (b) of the MDLEA, and 21 U.S.C. § 960(b)(1)(B)(ii) and (b)(2)(G).

After Sinisterra pled guilty, the district court imposed a 135-month sentence.  Initially, Sinisterra did not file a direct appeal, but the district court later granted his 28 U.S.C. § 2255 motion that argued his trial counsel was ineffective for failing to file an appeal. The district court appointed Sinisterra new counsel and reimposed the same judgment and 135-month sentence.

Sinisterra now appeals his conviction but not his sentence.[1]

## II.  STANDARD OF REVIEW

We review *de novo* "a district court's interpretation and application of statutory provisions that go to whether the court has subject matter jurisdiction." *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002) (quotation marks omitted).  This is true even when, as here, the jurisdictional issue is raised for the first time on appeal.  *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023).  Likewise, we review *de novo* the constitutionality of a criminal statute.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

## III.  DISCUSSION

The MDLEA makes it a crime to knowingly and intentionally possess a controlled substance with intent to distribute while onboard a vessel subject to the jurisdiction of the United States and to conspire to do the same.  46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b).  The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States."  *Id.* § 70503(b).

Congress enacted the MDLEA pursuant to the Felonies Clause in Article I, Section 8, Clause 10 of the Constitution.  *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014).  Under the

---

[1] Sinisterra's guilty plea did not waive his right to challenge the government's "power to constitutionally prosecute" his MDLEA offense.  *See United States v. Alfonso*, 104 F.4th 815, 819 n.5 (11th Cir. 2024) (quotation marks omitted).

23-13640                 Opinion of the Court                          5

Felonies Clause, Congress has the power to "define and punish Piracies and Felonies committed on the high Seas." U.S. Const. art. I, § 8, cl. 10. This Court repeatedly has held that the MDLEA is constitutional under the Felonies Clause as applied to vessels on the "high seas" engaged in drug trafficking crimes, even without a nexus to the United States. *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *United States v. Valois*, 915 F.3d 717, 722 (11th Cir. 2019); *United States v. Cruickshank*, 837 F.3d 1182, 1187-88 (11th Cir. 2016); *Campbell*, 743 F.3d at 806. However, Congress lacks the power to proscribe drug trafficking in the territorial waters of another state. *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1258 (11th Cir. 2012).

On appeal, Sinisterra does not dispute that as enacted by Congress, the MDLEA defines the "high seas" to include the EEZs of a foreign nation. Sinisterra also admits that his drug offense under the MDLEA occurred within Panama's EEZ.[2] Sinisterra contends that under international law, the EEZ of a foreign nation is not part of the "high seas," and thus Congress exceeded its authority under the Felonies Clause.[3]

---

[2] The EEZ "sits just beyond a nation's territorial waters but within 200 miles of the coastal baseline." *Alfonso*, 104 F.4th at 821.

[3] In a prior May 2, 2024 order in this case, this Court granted the government's motion for summary affirmance as to Sinisterra's argument that Congress exceeded its authority under the Felonies Clause by not requiring a nexus between a vessel and the United States.

This Court recently rejected this argument in *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), *petition for cert. filed*, (U.S. Dec. 19, 2024) (No. 24-6177).  The defendants in *Alfonso*, like Sinisterra here, were interdicted by the U.S. Coast Guard in a go-fast vessel in the EEZ of a foreign nation (the Dominican Republic) and challenged the constitutionality of the MDLEA as a valid exercise of Congress's Felonies Clause power.  *See id*. at 818-19.

The *Alfonso* Court held that "the EEZ is part of the 'high seas' and thus within Congress's authority under the Felonies Clause."  *Id*. at 818, 823.  The Court further concluded that "international law does not limit the Felonies Clause" and that "enforcement of the MDLEA in EEZs is proper."  *Id*. at 826-27.  We have since rejected similar constitutional challenges by defendants interdicted in the EEZs of Panama and Colombia as foreclosed by *Alfonso*.  *See United States v. Canario-Vilomar*, 128 F.4th 1374, 1381-82 (11th Cir. 2025).

We are bound by *Alfonso* and *Canario-Vilomar*.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  As in those cases, enforcement of the MDLEA was proper here because the "high seas" under the MDLEA extends to the EEZ of foreign nations, including Panama.  *See Alfonso*, 104 F.4th at 827; *Canario-Vilomar*, 128 F.4th at 1381.  Because the district court had jurisdiction to enter Sinisterra's conviction pursuant to the MDLEA, we affirm Sinisterra's conviction.

**AFFIRMED.**