**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-12830

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JIHAD WILLIAM MORALES,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00234-CEM-EJK-1

————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Jihad William Morales appeals his sentence of 70 months'
imprisonment after pleading guilty to various money laundering
and structuring offenses. He contends that the district court erred

in applying a 14-level loss amount enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1), based on an intended loss amount of $768,485.10. In his view, the court should have used the actual loss amount, which was $80,050.00. For the reasons which follow, we affirm.

We review a district court's interpretation of the Sentencing Guidelines de novo and the determination of the amount of loss involved in the offense for clear error. *See United States v. Stein*, 846 F.3d 1135, 1151 (11th Cir. 2017). We will overturn a district court's loss calculation under the clear error standard when we are left with a definite and firm conviction that a mistake has been committed. *See id.* Mr. Morales' argument is that the court erred by using intended loss rather than actual loss, and that legal contention triggers plenary review.

Under the 2023 version of § 2B1.1, the guideline applicable to theft and fraud offenses, a defendant receives an enhancement to his offense level if "the loss" exceeds $6,500. *See* U.S.S.G. § 2B1.1(b)(1) (2023). A defendant is subject to an 8-level enhancement if the offense results in a loss amount greater than $40,000 and less than or equal to $95,000, and is subject to a 14-level enhancement if the offense results in a loss amount greater than $550,000 and less than or equal to $1,500,000. *See* U.S.S.G. § 2B1.1(b)(1)(E), (H) (2023). The 2023 commentary to § 2B1.1(b)(1) provided that "loss is the greater of actual loss or intended loss." *See id.*, comment. (n.3(A)).

Effective November 1, 2024, the Sentencing Commission amended § 2B1.1(b)(1) by moving the language defining "loss" as "the greater of actual loss or intended loss" from the commentary to the text of the guideline. *See* U.S.S.G. § 2B1.1(b)(1)(A) (2024); U.S.S.G., App'x C Supp., Amend. 827.

A court defers to the commentary to the Sentencing Guidelines only if the text of the applicable guideline is ambiguous. *See United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023) (en banc). Last year, applying the framework set out in *Dupree*, we held that a district court did not err in using intended loss rather than actual loss to calculate the loss amount under § 2B1.1(b)(1) because the term "loss" in the text of the pre-2024 version of § 2B1.1(b)(1) was unambiguous in incorporating the greater of actual or intended loss. Thus, we did not need to consult the commentary. *See United States v. Horn*, 129 F.4th 1275, 1299–1300 (11th Cir. 2025). We also held in *Horn* that Amendment 827 to the Guidelines, which moved the definition of loss from the commentary to the text of § 2B1.1(b)(1), was a clarifying amendment that applied retroactively on direct appeal and further supported a conclusion that loss is the greater of actual or intended loss. *See id.* at 1300–01.

A prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by our court sitting en banc. *See, e.g., United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Mr. Morales' argument that the district court was required to use actual

4                            Opinion of the Court                        24-12830

loss rather than intended loss is foreclosed by *Horn*, a published and binding decision.  We therefore affirm the 70-month sentence.

**AFFIRMED.**